Opinión disidente emitida por la
Juez Asociada Señora Ro-dríguez Rodríguez,
a la cual se le une el Juez Asociado Señor Rebollo López.
I
A. El presente caso trata sobre una solicitud de injunction preliminar presentada por la demandante y peticiona-ria Asociación de Vecinos de Villa Caparra Sur (Asociación de Vecinos) contra la Asociación de Fomento Educativo (AFE), para hacer valer las servidumbres en equidad que gravan las propiedades sitas en la Urbanización Villa Ca-parra Sur. En su parte pertinente, las referidas servidum-bres impuestas por los esposos González-Giusti en 1939 dicen:
[e]n cada uno de los solares que se deslinden, segreguen y vendan no podrá construirse más de una casa residencia, de una sola vivienda, el costo de la cual no podrá ser menor de [t]res [m]il [d]ólares; podrán sin embargo construirse edifica-ciones independientes para alojamiento de servidumbre, cb.au- *582 ffeur, etc., así como también para almacenaje de automóviles privados. (Énfasis nuestro.) Apéndice del Recurso de certio-rari, Ira pieza, págs. 230-231.
B. En 1983 la parte demandada y recurrida, Asocia-ción de Fomento Educativo, adquirió la propiedad sita en la Calle J-42 de la Urbanización Villa Caparra Sur.(1) Véase Escritura de Compraventa Núm. 635, Apéndice del Recurso de certiorari, Ira pieza, págs. 244-248. AFE es una corporación sin fines de lucro asociada a la Prelatura Personal de la Iglesia Católica conocida como la Prelatura de la Santa Cruz y Opus Dei (Opus Dei). Id., págs. 304-305. Según obra en autos, entre los meses de mayo y junio de 2005, AFE comenzó a demoler dicha propiedad con el propósito de construir una nueva edificación. Ante dichas actuaciones, en el mes de agosto de 2005, la Asociación de Vecinos presentó una querella ante la Oficina de Permisos Urbanísticos del Municipio de Guaynabo impugnando el proyecto. (2)
El azaroso trámite judicial del caso que nos ocupa co-menzó el 3 de noviembre de 2005 cuando la Asociación de Vecinos presentó una demanda de interdicto preliminar y permanente para hacer valer las condiciones restrictivas de uso y construcción que pesan sobre la Urbanización Villa Caparra Sur.(3) También solicitó que dicho foro primario ordenara la demolición de la estructura que los demanda- *583 dos y recurridos habían comenzado a construir. Posterior-mente, el 10 de noviembre de 2005 la Asociación de Vecinos presentó una petición de injunction preliminar.(4)
El 29 de diciembre de 2005 el tribunal de instancia pa-ralizó la construcción. No obstante, AFE recurrió de dicha orden al Tribunal de Apelaciones. Dicho foro revocó la or-den de paralización por deficiencias en la notificación de la citación a la vista celebrada el 29 de diciembre de 2005. El 26 de mayo de 2006, tras recibir el mandato del Tribunal de Apelaciones y a petición de la Asociación de Vecinos, el tribunal de instancia señaló una vista argumentativa para dirimir la solicitud de paralización como remedio provisional en aseguramiento de la sentencia que en su día se dicte. Apéndice del Recurso de certiorari, 2da pieza, pág. 463. El tribunal pautó dicha vista para el 20 de julio de 2006. El 30 de junio de 2006 AFE recurrió de dicha deter-minación ante el Tribunal de Apelaciones. En dicha oca-sión, el foro apelativo intermedio confirmó la resolución del Tribunal de Primera Instancia y determinó que no existía impedimento alguno para que dicho foro celebrara la vista pautada para el 20 de julio de 2006.
Acorde con la determinación del Tribunal de Apelacio-nes, el Tribunal de Primera Instancia celebró la referida vista durante los días 20 y 21 de julio de 2006.(5) El 20 de julio de 2006 los abogados de AFE solicitaron que el tribunal de instancia celebrara una vista evidenciaría en lugar de una vista argumentativa, como se había anticipado. In-dicaron que tenían testigos en sala para declarar en la vista si el tribunal lo permitía.(6) Véase Transcripción de la Vista, Apéndice del Recurso de certiorari, 2da pieza, pág. 579. El honorable juez del tribunal de instancia se reservó *584 el fallo final sobre la petición de AFE y determinó que es-cucharía los argumentos de las partes.(7) Íd., pág. 581.
En su turno de argumentación, el representante legal de la Asociación de Vecinos presentó varias fotografías so-bre la construcción en controversia.(8) Además, utilizó en su argumentación los planos preparados para la construc-ción de la casa, la hoja de demolición y los planos de plo-mería de la estructura. Véase Transcripción de la Vista, Apéndice del Recurso de certiorari, 2da pieza, págs. 595-607.
En la segunda parte de la vista celebrada el 21 de julio de 2006, el representante legal de la Asociación de Vecinos presentó en evidencia los documentos siguientes: fotogra-fías de la construcción realizada en la propiedad de AFE; certificación registral de la propiedad J-42; certificación re-gistral de la finca de mayor cabida de la cual se segregó la finca en controversia, y copia certificada de la escritura pública mediante la cual AFE adquirió la propiedad J-42.
Luego de presentar su prueba documental, el represen-tante legal de la Asociación de Vecinos solicitó una autori-zación para presentar el testimonio de su perito ingeniero. Ante dicha solicitud, surgió una intensa discusión sobre la naturaleza de la vista. Los representantes legales de AFE reiteraron que era su deseo que el tribunal celebrara una vista evidenciaría. Sin embargo, indicaron que, a raíz de la discusión en la vista del día anterior, entendieron que el tribunal no admitiría prueba testifical. Por ello, no conta-ban con la presencia de sus peritos.
Ante la discusión que se suscitó entre los abogados, el tribunal determinó que no era necesario recibir prueba tes-tifical para determinar si procedía emitir una orden al am-paro de la Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. *585 III, para paralizar la obra. Véase Trascripción de la Vista, Apéndice del Recurso de certiorari, 2da pieza, pág. 711. Adujo que contaba con abundante prueba documental para determinar si procedía paralizar la obra de construcción en la residencia J-42. Por lo tanto, determinó que celebraría una vista argumentativa y citó a las partes, junto a sus peritos ingenieros, a una inspección ocular que se celebra-ría el 31 de julio de 2006.
Finalmente, los representantes legales de AFE presen-taron sus argumentos ante el tribunal. En su exposición, presentaron los documentos siguientes: permisos de cons-trucción expedidos por el Municipio de Guaynabo; fotogra-fías sobre diversas residencias sitas en la Urbanización Villa Caparra; fotografía de la residencia J-42 en construcción; copia del plan de ordenación territorial del Municipio de Guaynabo; fotografía de una residencia en la urbanización con una cartelón alusivo a la oposición de los vecinos a la construcción realizada por AFE; copia de una moción presentada por la Asociación de Vecinos ante el Tribunal de Primera Instancia en otro pleito civil en la que se incluye un listado de los miembros residentes de la Asocia-ción de Vecinos de Villa Caparra Sur para el 1996; copia de una carta de la Autoridad de Energía Eléctrica donde se identifica que la propiedad J-42 tiene tarifa residencial de servicio, y un documento sobre la proyección de pérdidas que AFE sufriría si el tribunal paralizaba la construcción.
El 31 de julio de 2006 se celebró la inspección ocular de la residencia J-42 en la Urbanización Villa Caparra Sur. En dicha vista, el honorable juez de instancia recorrió la propiedad y discutió los planos de construcción con los pe-ritos ingenieros de ambas partes. Posteriormente, el honorable juez hizo un recorrido por la urbanización para ob-servar, desde la vía pública, varias residencias allí localizadas. Sin embargo, el tribunal rechazó la petición de AFE de realizar un recorrido extenso de ciertas residencias localizadas en la Urbanización. En esa misma fecha, AFE *586 presentó una “Moción sometiendo oferta de prueba en vista”, en la que detalló el testimonio que sus testigos hubie-sen prestado en la vista.
Celebrada la vista, el tribunal de instancia les concedió a las partes un término para presentar sendos escritos su-plementando sus argumentos. El 17 de agosto de 2006, con el beneficio de los escritos de las partes, el tribunal declaró “no ha lugar” la oferta de prueba presentada por AFE y emitió una orden de injunction preliminar. Mediante su orden, el foro primario paralizó las obras de construcción realizadas en la propiedad J-42 y determinó que no proce-día imponer el pago de una fianza.
Inconforme, el 15 de septiembre de 2006 AFE presentó un recurso de certiorari ante el Tribunal de Apelaciones. El 20 de octubre de 2006 dicho foro apelativo intermedio emi-tió una sentencia en la que revocó la orden del tribunal de instancia. Entendió que el foro primario había errado al emitir la orden de paralización luego de celebrar una vista argumentativa en la que no le permitió a AFE presentar su prueba testifical y cierta prueba documental. Además, el foro apelativo intermedio determinó que el tribunal de ins-tancia debió celebrar una vista evidenciaría en la cual las partes pudieran presentar prueba testifical y documental.
El 22 de noviembre de 2006 la Asociación de Vecinos presentó ante nosotros una moción en auxilio de jurisdic-ción y un recurso de certiorari. En esencia, señaló que la exclusión errónea de la prueba testifical y documental no fue un factor sustancial en la decisión del tribunal de ins-tancia, por lo que no cambiaría el resultado al que llegó dicho foro. En segundo lugar, argüyó que al no ser una vista en los méritos, el debido proceso de ley no exigía la presentación de prueba testifical. En la alternativa, alegó que AFE renunció a su derecho a una vista evidenciaría.
El 5 de diciembre de 2006 declaramos “no ha lugar” am-bas peticiones. El 26 de enero de 2007, tras examinar la oportuna moción de reconsideración presentada por la Aso- *587 dación de Vecinos, le concedimos un término a la parte recurrida para mostrar causa por la cual no debíamos ex-pedir el presente recurso. En auxilio de nuestra jurisdic-ción, paralizamos las obras de construcción. El 20 de fe-brero de 2007 la demandada y recurrida presentó su “Moción en cumplimiento de orden y mostrando causa”.(9)
II
Inicio esta discusión indicando que, en esta etapa de los procedimientos, no nos corresponde resolver si la construc-ción realizada por AFE violenta las disposiciones de las servidumbres en equidad que gravan la Urbanización Villa Caparra Sur. Tampoco nos corresponde dirimir si AFE le dará un uso institucional incompatible con las referidas servidumbres. Sólo nos compete determinar si erró el Tribunal de Apelaciones al revocar la orden de injunction pre-liminar emitida en el presente caso bajo el fundamento de que el Tribunal de Primera Instancia incidió al determinar que no procedía admitir prueba testifical y cierta prueba documental en la vista de injunction.
La demandante y peticionaria alega que la exclusión de la prueba testifical en la vista de injunction preliminar no fue un factor decisivo o sustancial en la orden de paraliza-ción emitida por el tribunal de instancia. Aduce que la vista de injunction preliminar no es un juicio en su fondo, por lo que el tribunal de instancia tiene discreción para limitar la prueba admisible en ésta. Además, arguye que el tribunal de instancia admitió prueba documental y celebró *588 una vista ocular, por lo que contaba con suficiente prueba para determinar si procedía dictar una orden de injunction en aseguramiento de sentencia al amparo de la Regla 56 de Procedimiento Civil, supra.
Por su parte, AFE arguye que la exclusión de cierta prueba testifical configuró una violación a su derecho al debido proceso de ley, por lo que actuó correctamente el Tribunal de Apelaciones al dejar sin efecto la orden de injunction expedida por el tribunal de instancia. Además, aduce que en una vista de injunction el tribunal de instan-cia debe recibir prueba documental y testifical.
III
En primer término, la determinación de si el tribunal de instancia erró al no admitir cierta prueba testifical en la vista de injunction requiere analizar la naturaleza del me-canismo de injunction como remedio provisional en asegu-ramiento de sentencia al amparo de la Regla 56 de Proce-dimiento Civil, supra.
Desde 1958 la Regla 56 de Procedimiento Civil rige la concesión de remedios provisionales en aseguramiento de sentencia. En esencia, esta regla permite “asegurar la efec-tividad de las sentencias y reivindicar ... no sólo la justicia debida a las partes, sino también la dignidad de la función judicial”. Román v. S.L.G. Ruiz, 160 D.P.R. 116, 120 (2003), citando a Stump Corp. v. Tribunal Superior, 99 D.P.R. 179 (1970). “Su única limitación es que la medida sea razona-ble y adecuada al propósito esencial de la misma, que es garantizar la efectividad de la sentencia que en su día pu-diera dictarse.” F.D. Rich Co. v. Tribunal Superior, 99 D.P.R. 158, 176 (1970).
En atención a lo anterior, la Regla 56.1 de Procedi-miento Civil indica que
[e\n todo pleito antes o después de [dictada la] sentencia, por moción del reclamante, el tribunal podrá dictar cualquier or- *589 den provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sin-dicatura, una orden para hacer o desistir de hacer cuales-quiera actos específicos, o podrá ordenar cualquier otra me-dida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispon-drá según requiera la justicia sustancial. (Enfasis nuestro.) 32 L.P.R.A. Ap. III.
Entre los remedios en aseguramiento de sentencia ase-quibles a una parte al amparo de la citada Regla 56.1 de Procedimiento Civil se encuentra una orden para hacer o desistir de hacer. Por su parte, la Regla 56.5 de Procedi-miento Civil rige los contornos procesales de este remedio e indica que
[n]o se concederá ninguna orden bajo esta Regla 56 para hacer o desistir de hacer cualquier acto específico, sin una notificación a la parte adversa, a menos que aparezca clara-mente de los hechos específicos acreditados por declaración jurada que el solicitante sufrirá perjuicios, daños o pérdidas irreparables antes de notificarse y de celebrarse una vista so-bre la solicitud. 32 L.RR.A. Ap. III.
Al incluir una orden de hacer o desistir de hacer entre los posibles remedios en aseguramiento de sentencia, la Regla 56 de Procedimiento Civil integró el injunction como medida provisional según dispone el Artículo 677 del Có-digo de Enjuiciamiento Civil y las disposiciones sobre ase-guramiento de sentencias contenidas en el Artículo 2(d) de la Ley para Asegurar la Efectividad de las Sentencias de 1902.(10) Borrador del Proyecto de Reglas de Enjuicia- *590 miento Civil, Tribunal Supremo, 1954, pág. 146. Esto con el propósito de “otorgar al tribunal una facultad general para tomar a solicitud de parte las medidas que estime necesarias o convenientes según las circunstancias del caso para asegurar la efectividad de la sentencia”. íd., pág. 141.
En virtud de lo anterior, la Regla 56.1 de Procedimiento Civil, supra, asentó en nuestro ordenamiento el injunction como un mecanismo flexible que faculta a los tribunales a conceder este remedio acorde con las exigencias de la jus-ticia sustancial y los intereses de las partes. Al amparo de esta regla, el tribunal tiene la facultad de emitir un injunction preliminar con el propósito de mantener el statu quo, mientras se dilucida el pleito en sus méritos. Véanse: Mun. de Ponce v. Gobernador, 136 D.P.R. 776, 784 (1994); Cobos Liccia v. DeJean Packing Co., Inc., 124 D.P.R. 896 (1989).
Al considerar una petición de injunction preliminar en aseguramiento de sentencia, los tribunales deben ser cons-cientes de que dichas medidas se pueden convertir en una limitación provisional del derecho de la parte afectada por la orden a la libre disposición de sus bienes y pueden me-noscabar el valor de éstos. Freeman v. Tribunal Superior, 92 D.P.R. 1, 25 (1965). Por lo tanto, el tribunal que atiende una solicitud de remedio provisional como el injunction preliminar debe garantizar al reclamante pero no oprimir al demandado o causarle innecesarias dificultades. Íd.
Del mismo modo, habida cuenta de las repercusiones que una orden de injunction preliminar en garantía de una sentencia causa en los derechos de la parte que la sufre, es menester proveer ciertas garantías procesales. A estos efectos, la Regla 56.2 de Procedimiento Civil le garantiza a la parte afectada el derecho a una notificación adecuada y a la celebración de una vista. 32 L.P.R.A. Ap. III. Véase Bermúdez v. Tribunal Superior, 97 D.P.R. 825 (1969). Ello, haciendo excepción de las instancias en las que el peticio-nario acredite que sufrirá perjuicios, daños o pérdidas irre- *591 parables de emitirse la notificación y celebrarse una vista. 32 L.P.R.A. Ap. III, R. 56.5.
Sin embargo, el derecho de una parte a presentar prueba a su favor en una vista de injunction preliminar se debe examinar a la luz de la naturaleza y los propósitos de este tipo de vista. En este respecto, debemos puntualizar que el propósito de este tipo de vista es atender un inci-dente dentro de un pleito, conforme a los intereses de las partes y a los hechos del caso. Es decir, debido a que la determinación en torno a la concesión de un injunction pre-liminar no dispone de la controversia en sus méritos como ocurre en un juicio plenario, le corresponde al tribunal ha-cer un balance entre los intereses del peticionario y el daño que una orden de injunction preliminar puede causarle a la parte que la sufre. En esta tarea, el tribunal posee dis-creción para limitar el tipo de evidencia que se admitirá en la vista, siempre que le provea a las partes una oportuni-dad justa y adecuada de presentar prueba y argumentar.
Del mismo modo, conforme a la naturaleza de una orden provisional en aseguramiento de sentencia, la determina-ción de si el tribunal debe recibir prueba oral dependerá de los hechos sustantivos del caso y de la prueba documental que obra en el expediente. Por lo tanto, ante un plantea-miento de violación al derecho a presentar prueba en una vista de injunction preliminar al amparo de la Regla 56 de Procedimiento Civil, supra, nos corresponde evaluar si las partes tuvieron una oportunidad adecuada de esbozar sus planteamientos y de presentar prueba. Además, a la luz de los hechos del caso y de los intereses de las partes, debe-mos examinar si el tribunal tuvo suficiente prueba ante su consideración para conceder un remedio provisional como es el injunction preliminar al amparo de la Regla 56 de Procedimiento Civil.
A la luz de lo anterior, nos corresponde determinar si la decisión del tribunal de instancia de no recibir prueba tes-tifical en la vista de injunction preliminar al amparo de la *592 Regla 56 de Procedimiento Civil, supra, vició de nulidad la orden de injunction dictada en el presente caso.
IV
Como indiqué, el Tribunal de Apelaciones revocó la or-den de injunction preliminar emitida por el tribunal de instancia bajo el fundamento de que este último erró al celebrar una vista argumentativa en la cual no le permitió presentar cierta prueba testifical en la vista. Por su parte, AFE argumenta que el tribunal de instancia violentó su derecho al debido proceso de ley puesto que se negó a reci-bir la siguiente prueba: el testimonio del Ing. Juan Riestra quien testificaría sobre los daños que AFE sufriría de pa-ralizarse la obra; el testimonio del Ing. Camilo Almeyda quien testificaría que la propiedad que AFE construye cumple con las servidumbres en equidad, y, finalmente, el testimonio de las Sras. Myriam Camacho González, Eneida Alvarez y Carmen Socorro Garay, damas afiliadas al Opus Dei, quienes relatarían el tiempo que han vivido o vivieron en la propiedad J-42 para establecer que la parte demandante incurrió en incuria al hacer valer la servi-dumbre en equidad frente a AFE.
A pesar de que el foro primario no escuchó la prueba testifical antes detallada, surge de los documentos que obran en el expediente que, al otorgar la orden de injunction preliminar que nos ocupa, el tribunal tuvo ante su consideración la prueba siguiente: dos certificaciones regís-trales que acreditan la inscripción en el Registro de la Pro-piedad de las servidumbres en equidad que gravan la pro-piedad J-42 y el tiempo durante el cual AFE ha sido dueña de dicha propiedad; varias fotografías sobre la construcción realizada en la propiedad J-42; documentos que acreditan las pérdidas económicas que AFE enfrentaría de parali-zarse la construcción mediante una orden al amparo de la Regla 56; documentos que demuestran la magnitud y di *593 mensiones de la obra realizada; documento que demuestra que, para 1996, la Asociación de Vecinos incluyó a la Sra. Eneida Álvarez (dama alegadamente afiliada a AFE) como residente de la propiedad J-42, y, declaraciones juradas de varias mujeres que han residido en la propiedad J-42 por varios años, incluyendo las declaraciones de las Sras. Carmen Socorro Garay Rosa y Myriam Camacho González. Fi-nalmente, el tribunal de instancia escuchó los argumentos de las partes en torno a sus teorías y defensas e inspec-cionó la propiedad en controversia.
Un examen de la prueba antes detallada demuestra que el tribunal de instancia no limitó la vista a una de carácter argumentativo. Es decir, además de escuchar los argumen-tos de las partes, el foro primario recibió prueba documen-tal de ambas partes en apoyo a sus alegaciones y defensas. Del mismo modo, surge del expediente del presente caso que AFE pudo presentar prueba relacionada al testimonio que alegadamente sus testigos hubiesen prestado en la vista.
Primero, AFE presentó prueba documental sobre la pro-yección de pérdidas que sufriría si el tribunal paralizaba la obra, materia sobre la cual alegadamente hubiese tratado el testimonio del ingeniero Riestra. Segundo, en la inspec-ción ocular celebrada el 31 de julio de 2006, el tribunal escuchó los argumentos y las explicaciones del ingeniero Almeyda sobre las instalaciones que AFE construye en la propiedad en controversia.(11) Además, el tribunal de ins-tancia inspeccionó la propiedad y examinó los planos de construcción que obran en autos. En fin, a pesar de que en la vista de injunction preliminar el tribunal determinó que no recibiría el testimonio del ingeniero Almeyda, luego es-cuchó sus planteamientos en torno a la naturaleza de las instalaciones construidas.
*594 Por otro lado, en la vista celebrada el 20 y 21 de julio de 2006, el tribunal de instancia escuchó los argumentos de AFE sobre la alegada incuria de la Asociación y recibió prueba sobre dicha defensa. Véase Transcripción de la Vista, Apéndice del Recurso de certiorari, 3ra pieza, págs. 800-801. A estos efectos, AFE argüyó que es dueña de la propiedad J-42 desde 1983 y que en dicha residencia con-vive un grupo de mujeres solteras afiliadas a AFE desde 1987. En apoyo a dicha defensa, presentó un documento con el propósito de demostrar que, para 1996, la Asociación de Vecinos incluyó a la Sra. Eneida Álvarez (dama alega-damente afiliada a AFE) como residente de la propiedad J-42.
Del mismo modo, al emitir la orden de injunction preli-minar, el tribunal contó con una serie de documentos pre-sentados por AFE en apoyo a la defensa de incuria. A estos efectos, obra en el expediente del tribunal de instancia una moción de desestimación y sentencia sumaria presentada el 14 de diciembre de 2005, en la cual AFE esgrimió sus planteamientos sobre la alegada incuria de la Asociación de Vecinos.(12) Además, en apoyo a dicho planteamiento, AFE presentó las declaraciones juradas de varias mujeres que han vivido en la propiedad J-42. Entre éstas se en-cuentran las declaraciones juradas de las Sras. Carmen Socorro Garay Rosa y Myriam Camacho González, a quie-nes AFE ofreció como testigos en la vista.(13) Véase autos originales del tribunal de primera instancia, tomo 2.
*595 En fin, surge del expediente del presente caso que, pre-vio a la expedición de la orden de injunction preliminar, AFE tuvo la oportunidad de presentar prueba tendente a establecer que los demandantes y peticionarios incurrieron en incuria al impugnar la presencia de AFE en la residen-cia J-42.
En virtud de lo anterior, forzoso es concluir que el tribunal de instancia no privó a AFE de su derecho a la celebra-ción de una vista para presentar prueba a su favor. Con-trario a la determinación del Tribunal de Apelaciones, entiendo que AFE tuvo una oportunidad adecuada de pre-sentar prueba en torno a la solicitud de injunction prelimi-nar de la Asociación de Vecinos. Como indicamos, el tribunal de instancia recibió prueba documental sobre los asuntos que AFE arguye justificaban recibir prueba testifical. Es decir, tanto en la vista evidenciaría como en la inspección ocular, el foro primario recibió prueba sobre los daños económicos que AFE sufriría; sobre los detalles de la construcción, y sobre la alegada incuria de los demandan-tes y peticionarios. De igual forma, al expedir la orden de paralización, el tribunal de instancia contó con evidencia documental en torno al testimonio que las Sras. Myriam Camacho González, Eneida Álvarez y Carmen Socorro Ga-ray hubiesen prestado en la vista de remedio provisional en apoyo a la defensa de incuria levantada por AFE.
En segundo lugar, entiendo que el Tribunal de Primera Instancia tuvo suficiente prueba documental ante su con-sideración para examinar si procedía conceder el injunction preliminar solicitado por la Asociación de Vecinos. Como indiqué, al emitir la orden de injunction preliminar, el tribunal consideró prueba documental tendente a esta-blecer que la propiedad de AFE está sujeta a las servidum-bres que limitan el tipo de construcción que se puede rea-lizar en la Urbanización Villa Caparra Sur a una casa residencia de una sola vivienda. Además, pudo constatar los detalles de la construcción para ponderar si la estruc- *596 tura podría contravenir las restricciones impuestas por las servidumbres en equidad que gravan la propiedad J-42. Del mismo modo, consideró abundante prueba en torno a la defensa de incuria levantada por AFE.
Con el beneficio de esta prueba, el tribunal de instancia determinó que existía probabilidad de que la Asociación de Vecinos prevaleciera en los méritos, puesto que la magni-tud de la obra indica que la propiedad construida podría ser una estructura de más de una vivienda y que incluso podría ser una estructura con fines institucionales. A los únicos efectos de una orden de “injunction”preliminar bajo la Regla 56 de Procedimiento Civil, supra, considero que el Tribunal de Primera Instancia no abusó de su discreción al resolver que la Asociación tenía una reclamación meritoria que justificaba conceder un remedio provisional en asegu-ramiento de sentencia.(14) Véanse, en modo análogo: Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656, 680 (1997) (“[l]a concesión de un injunction preliminar descansa en el ejercicio de la sana discreción judicial, la que se desplegará ponderando las necesidades y los intereses de todas las partes involucradas en la controversia”); Sucn. Figueroa v. Hernández, 72 D.P.R. 508, 514 (1951).
Por otro lado, luego de sopesar los intereses en contro-versia, el tribunal de instancia determinó que el daño que la Asociación de Vecinos sufriría ante una violación a las servidumbres en equidad de la Urbanización Villa Caparra Sur justificaba otorgar la orden de injunction preliminar. Al llegar a esta determinación, el tribunal tomó en cuenta nuestro pronunciamiento en Asoc. V. Villa Caparra v. Igle-sia Católica, 117 D.P.R. 346 (1986), caso en el que sostuvi-mos la validez de las servidumbres en equidad que gravan la Urbanización Villa Caparra Sur y expresamos que, para esa fecha, los cambios acaecidos en dicha urbanización no la habían modificado. En ausencia de abuso de discreción *597 del tribunal al sopesar los intereses de las partes, este Tribunal no debe intervenir con dicha determinación.
En este momento es menester puntualizar nuestra dis-crepancia con algunos pronunciamientos de la opinión de conformidad. En primer lugar, la opinión de conformidad establece que la concesión de un injunction como el que el Tribunal de Primera Instancia emitió en este caso re-quiere, en virtud de la Regla 57.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la prestación de una fianza sin excepción. Así, concluye que no aplica al presente caso el interdicto dispuesto en la Regla 56 de Procedimiento Civil, puesto que la Regla 57 de dicho cuerpo normativo rige la concesión de un injunction. No puedo estar de acuerdo con dicha interpretación. La interpretación propuesta tiene el efecto de eviscerar de contenido la Regla 56.
Como indiqué, la Regla 56 de Procedimiento Civil asentó en nuestro ordenamiento el injunction como un me-canismo flexible que faculta a los tribunales a conceder este remedio acorde con las exigencias de la justicia sus-tancial y los intereses de las partes. En este caso, el Tribunal de Primera Instancia otorgó el injunction preliminar al amparo de dicha regla por lo que, en ausencia de una jus-tificación adecuada sobre la alegada inaplicabilidad de ésta y sobre la supuesta necesidad de que la concesión de un injunction preliminar se rija por la Regla 57 de Proce-dimiento Civil, supra, entiendo que no procede concluir, como lo hace la opinión de conformidad, que erró el foro primario al emitir el presente injunction al amparo de la Regla 56 de dicho cuerpo normativo.
En vista de lo anterior, resolvería que actuó correcta-mente el Tribunal de Primera Instancia al conceder el injunction preliminar en este caso. Al igual que determinó dicho foro primario, procede conceder el injunction prelimi-nar como remedio provisional sin la prestación de una fianza, pues nos encontramos ante un caso en el que surge de “documentos públicos o privados ... firmados ante una *598 persona autorizada para administrar juramento, que la obligación es legalmente exigible”. 32 L.P.R.A. Ap. III, R. 56.3.
En este respecto, la opinión de conformidad aduce que el foro primario erró al otorgar el injunction preliminar sin exigir la previa prestación de una fianza. Aun cuando re-conoce que la Regla 56.3, supra, vislumbra la concesión de un remedio provisional en aseguramiento de sentencia cuando obren en autos documentos públicos que acrediten la existencia de una obligación legalmente exigible, deter-mina que la escritura pública que evidencia la existencia de la servidumbre en equidad y las certificaciones regístra-les del predio en controversia, no demuestran a cabalidad la violación clara y patente de la restricción invocada.
En apoyo a su contención, la opinión de conformidad in-voca nuestros pronunciamientos en Marty v. Ramírez, 73 D.P.R. 165 (1952). En dicha ocasión reiteramos que, como norma general, para que se decrete un embargo sin presta-ción de fianza, es necesario que los documentos públicos le permitan al juez constar que la obligación existe y se puede reclamar. Íd., pág. 170. No obstante, dicha normativa no tiene el alcance que la opinión de conformidad aduce. En primer término, en Marty v. Ramírez, supra, nos enfrenta-mos a un embargo decretado por el foro primario sin pres-tación de fianza, no a una solicitud de injunction preliminar. En el contexto de una solicitud de embargo, determinamos que no procedía otorgar el referido aseguramiento sin el pago de una fianza pues, a pesar de que se fundamentó la demanda en cobro de dinero en un documento firmado ante notario, de dicho documento no surgía el monto actual de la deuda dineraria reclamada. Es decir, el documento firmado ante notario no le permitía al juzgador discernir si la deuda había sido extinguida en todo o en parte o si ésta era exigible. Véase, además, Roig v. Landrau, 29 D.P.R. 315 (1921) (donde se denegó una solicitud de embargo ante el *599 hecho que el contrato elevado a escritura pública no daba base para determinar el monto exigible, si alguno, de la deuda).
Contrario a la situación a la que nos enfrentamos en Marty v. Ramírez, supra, en el presente caso existen docu-mentos públicos auténticos que acreditan la existencia de la servidumbre en equidad que pesa sobre la Urbanización Villa Caparra Sur. Así, mientras en Marty v. Ramírez, supra, no existía certeza sobre la vigencia de la deuda, en este caso tanto la escritura pública de la servidumbre como las certificaciones regístrales que obran en autos demues-tran que existe una obligación legalmente exigible oponible a la AFE.
Habida cuenta de lo anterior y contrario a la posición de la opinión de conformidad, entiendo que el remedio de injunction sin la previa prestación de fianza al amparo de la Regla 56 de Procedimiento Civil, supra, no está sujeto a que la Asociación de Vecinos pruebe la violación a la servi-dumbre en equidad. Considero que en el presente caso obra prueba fehaciente y auténtica sobre la existencia de una obligación legal que puede reclamarse por la Asociación de Vecinos y, por lo tanto, procede conceder el remedio provisional de injunction ante una construcción que amenaza dicha servidumbre.
En fin, carece de sentido requerirle a la Asociación de Vecinos que pruebe su reclamación en los méritos, es decir, que pruebe la alegada violación a la servidumbre, asunto que le compete resolver al foro primario luego de un juicio plenario. Para todos los efectos prácticos, al confirmar la sentencia del Tribunal de Apelaciones que dejó sin efecto el injunction concedido en el presente caso, este Tribunal priva a los peticionarios de un remedio oportuno y adecuado. Aun cuando nada impide que los peticionarios presenten una nueva solicitud de injunction, el trámite de una nueva vista evidenciaría con toda probabilidad le per- *600 mitirá al Opus Dei terminar la construcción de la residen-cia en controversia, convirtiendo el remedio interdictal en académico.
En conclusión, en vista de que una orden de injunction preliminar al amparo de la Regla 56 de Procedimiento Civil, supra, concede un remedio provisional y no dispone de la controversia en los méritos, entiendo que no erró el tribunal de instancia al determinar que los hechos del caso no requerían recibir prueba oral o testifical. Contrario a lo resuelto por el Tribunal de Apelaciones, considero que el Tribunal de Primera Instancia no abusó de su discreción al determinar que contaba con suficiente prueba documental para dilucidar un aspecto interlocutorio en este pleito.(15)
Por los fundamentos antes expuestos, revocaría la sen-tencia del Tribunal de Apelaciones y reinstalaría la orden de injunction preliminar dictada por el Tribunal de Pri-mera Instancia.

 Dicha propiedad, a su vez, está afecta a las restricciones siguientes: “no podrá construirse nada más que una casa destinada a residencia para una sola familia y cuya edificación deberá construirse de concreto a un costo mínimo de [c]inco [m]il [d]ólares, y dicha casa deberá ser construida a una distancia no menor de quince pies de la calle que dé a su frente”. Véase Escritura Núm. 47, otorgada el 16 de diciembre de 1950, Apéndice del Recurso de certiorari, Ira pieza, págs. 237-238.

 Surge de los documentos que obran en el expediente de este caso que, luego de una serie de trámites, la Asociación de Vecinos de Villa Caparra Sur (Asociación de Vecinos) presentó 3 apelaciones distintas ante la Junta de Apelaciones sobre Construc-ciones y Lotificaciones: la primera, el 15 de noviembre; la segunda, el 9 de diciembre, y la tercera, el 12 de diciembre del 2005. Según aduce el Municipio de Guaynabo en su comparecencia, dicho procedimiento administrativo aún está pendiente.

 La Asociación de Fomento Educativo (AFE) contestó la demanda el 14 de noviembre de 2005, presentó reconvención contra la Asociación e incluyó como terceros demandados a un gran número de vecinos de la Urbanización Villa Caparra Sur. Véase Apéndice, Ira pieza, págs. 284-312.

 Además, la Asociación reiteró su solicitud de interdicto permanente.

 En la primera etapa de la vista celebrada el 20 de julio, el tribunal dirimió asuntos procesales del caso. En la segunda, atendió el asunto de la orden provisional de paralización.

 Entre los testigos disponibles mencionaron al Ing. Camilo Almeyda y al Sr. Juan Riestra.

 Además, el tribunal de instancia pautó una vista evidenciaría para el 2 de noviembre de 2006 en la que dilucidaría si las servidumbres en equidad de la urba-nización en controversia se han extinguido.

 Por su parte, la representante legal de AFE objetó la presentación de dicha evidencia, pero el tribunal declaró su objeción “sin lugar”.

 El 27 de febrero de 2007 declaramos “no ha lugar” sendas mociones de vista oral presentadas por el Municipio de Guaynabo y por la Asociación de Vecinos. El 2 de marzo de 2007 la Asociación de Vecinos presentó una moción urgente en la que solicitó permiso para replicar a la “Moción en cumplimiento de orden y mostrando causa” presentada por AFE. En atención a ello, el 7 de marzo de 2007 le concedimos a las partes un término simultáneo de cinco días para expresarse. Transcurrido dicho término, la Asociación de Vecinos solicitó una prórroga para comparecer. El 14 de marzo denegamos la prórroga solicitada. No empece a ello, la Asociación de Vecinos presentó su réplica el 20 de marzo de 2007, fuera del término concedido. En vista de la presentación tardía de dicho documento, no lo consideraremos en nuestra decisión.

 La Ley de Aseguramiento de Sentencias de 1 de marzo de 1902 le concedía a toda persona que demandara en cumplimiento de una obligación, el derecho de obtener una orden en aseguramiento de la efectividad de la sentencia que un día el tribunal dictase. A estos efectos, en su Artículo 2(d), dicha ley incluía entre las me-didas en aseguramiento de sentencia una orden de dejar de hacer. La Regla 72 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) derogó expresamente la Ley de Aseguramiento de Sentencias de 1902.

 Surge del Acta de la inspección ocular celebrada el 31 de julio de 2006 que el honorable juez examinó y discutió los planos del proyecto con los ingenieros de las partes y estos últimos argumentaron sus posturas. Apéndice del Recurso de certio-rari, 3ra pieza, págs. 876-883.

 En dicha moción APE argüyó que un grupo de entre 6 y 8 mujeres ha residido en la propiedad J-42 desde 1987 y que, entre el período de tiempo compren-dido entre 1987 y 2005, la Asociación de Vecinos no cuestionó el uso de la vivienda por ese grupo de mujeres. Véase autos originales del tribunal de primera instancia, tomo 3.

 En su declaración, la Sra. Socorro Garay indicó que vivió en la residencia J-42 desde 1987 hasta el 2005. Por su parte, la señora Camacho González indicó que comenzó a vivir en dicha propiedad en 1988. Véase autos originales del tribunal de primera instancia, tomo 2. También obran en el expediente del Tribunal de Primera Instancia las declaraciones juradas de las Sras. Margarita Ivette Matos González, Ana María Riestra Carrión, María S. Carreras Miranda y Hannia Rivera Arévalo, damas que han vivido en la residencia J-42. Id.

 Esto, sin embargo, no condiciona la decisión final del caso que el tribunal pudiese tomar luego de considerarlo en los méritos.

 Habida cuenta de que lo anterior dispone de la controversia que nos ocupa, es innecesario expresarnos sobre la validez de la servidumbre en equidad de la Ur-banización Villa Caparra Sur y sobre las restricciones que aplican a la propiedad J-42. En esta etapa de los procedimientos no nos corresponde determinar, como las partes nos piden, si las servidumbres en equidad de la urbanización restringen la construcción de viviendas a residencias de una sola vivienda, o si, por el contrario, la servidumbre exige que se construyan residencias para una sola familia. El 2 de agosto de 2007, la demandada y recurrida, Asociación de Fomento Educativo, pre-sentó ante nuestra consideración una moción en la cual alegó que las instancias del Registro de la Propiedad reflejan que la servidumbre en equidad que grava la Urba-nización Villa Caparra Sur no restringe la construcción en dicho lugar a una casa residencia de una familia, sino que el término familia sólo aparece en la escritura de venta de la propiedad J-42. La demandante y peticionaria, Asociación de Vecinos de Villa Caparra Sur, presentó una réplica a dicha moción en la que argumentó que la restricción de vivienda para una sola familia es una servidumbre en equidad que grava la propiedad J-42 y que obliga a AFE. El Tribunal de Instancia no ha pasado juicio sobre este asunto que trata sobre los méritos del presente caso. Le corresponde a dicho foro dirimir este aspecto de la controversia que no afecta la determinación preliminar a la que hoy llegamos sobre la procedencia de un injunction preliminar en aseguramiento de sentencia.