PALMIRA BERMÚDEZ LAMUREY, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE CAGUAS, HON. JOSÉ VILLARES RODRÍGUEZ, JUEZ, demandado.

*Número:* O-69-154  *Resuelto:* 15 de julio de 1969

*Nilda Soto de Bernier,* abogada de la peticionaria; *Norman A. Pardo,* abogado del interventor, Adalberto Camacho Domínguez.

OPINIÓN Y SENTENCIA DEL JUEZ DE TURNO, JUEZ ASOCIADO SEÑOR SANTANA BECERRA.

Adalberto Camacho Domínguez interpuso recurso de hábeas corpus, civil 69-5460, Sala de Caguas del Tribunal Superior contra la aquí peticionaria Palmira Bermúdez Lamurey, para desposeerla de la custodia de la menor Allison Lysette Camacho, habida en el matrimonio de ambos disuelto por sentencia de divorcio. Dicha sentencia había conferido la custodia de la menor, de 4 años de edad, a la peticionaria. El recurso de hábeas corpus se interpuso el 24 de junio de 1969, y al siguiente día, y por vía de aseguramiento de sentencia, la Sala de Caguas dispuso que la menor fuera puesta de inmediato bajo la custodia de su abuela paterna. Se citó a las partes para una comparecencia ante el Tribunal el 9 de julio de 1969. No se especifica si dicha comparecencia era en relación con el aseguramiento de sentencia decretado. El 9 de julio de 1969, a solicitud de la peticionaria, se dictó orden de traslado a la Sala de San Juan, orden que fue impugnada por el demandado.

Según alega bajo juramento la peticionaria en recurso de hábeas corpus dirigido a este Juez, la menor fue llevada a vivir a la casa de sus bisabuelos en el barrio Quebrada Arenas de Vega Baja a quienes no conocía, no obstante haber sido puesta bajo la custodia de la abuela, y no de éstos. Alega igualmente que solicitó de la Sala de Caguas que anulara los procedimientos, no accediéndose a su petición.

■ Considerada la petición de hábeas corpus como una de *certiorari,* (¹) en 11 de julio de 1969 dictamos la siguiente Resolución:

---

(¹) El Juez de Turno tiene facultad para expedir autos de inhibitorios, de *certiorari,* de *mandamus,* de *quo warranto* y de hábeas corpus. Ley de 1 de marzo de 1902, según enmendada por la Ley Núm. 59 de 1931.

"Considerada la petición de Hábeas Corpus dirigida al Juez de Turno como una de *Certiorari*, vista la Regla 56.2, se concede a la parte demandada hasta el 15 de julio de 1969 para que muestre causa por lo cual no deba expedirse el auto de *Certiorari*, anularse la Orden de la Sala de Caguas del Tribunal Superior de 25 de junio de 1969 que privó sumariamente a la peticionaria de la custodia de su hija de 4 años Allison Lyssette Camacho, y ordenarle que proceda a celebrar vista y oir a la peticionaria sobre la procedencia del remedio provisional solicitado a la luz del bienestar de la menor en las circunstancias envueltas."

El demandado ha comparecido. Considerados sus argumentos, somos de opinión que debe anularse la resolución de la Sala de Caguas de 25 de junio que sumariamente y sin oirla, despojó a la peticionaria de la custodia legal que tenía sobre su hija menor, aun cuando ello fuera como remedio provisional y en aseguramiento de sentencia.

La Regla 56.1 de las de Procedimiento Civil en efecto, concede al Tribunal la facultad de conceder remedios provisionales y en aseguramiento de sentencia.

Pero la Regla 56.2 que le sigue, a la cual nos referimos en nuestra Resolución y sobre la cual el demandado nada ha dicho en su comparecencia, dispone:

"No se concederá, modificará, anulará, ni se tomará providencia alguna sobre un remedio provisional, *sin notificar a la parte adversa y sin celebrar una vista,* excepto según se dispone en las Reglas 56.4 y 56.5." (Énfasis nuestro.)

Los hechos del caso de autos no lo situaban en las excepciones. Aun así, véase el sentido de la Regla 56.5.

■ Nuestro sistema de impartir justicia es uno adversativo por excelencia. Así es como mejor se cumple con el debido procedimiento de ley constitucional, con la función de encontrar la verdad, y con el justo trato. Las excepciones en ley a esta norma general, deben interpretarse restrictivamente en contra de la excepción, de modo que el ser oído antes de ser sometido al rigor judicial se cumpla. Ésa es la filo-

sofía de la Regla 56.2, como la de la Regla 57 que no permite la expedición de un auto preliminar de *injunction* sin previa audiencia, y que sujeta una orden de entredicho dictada *ex parte* a claras exigencias y limitaciones de modo que sea la excepción y no la norma.

El demandado alega el temor de que la niña, una vez radicada su acción de hábeas corpus, fuera llevada por su madre a la ciudad de Nueva York, donde ambas residían. Concebimos que en auxilio de su jurisdicción, la Sala pudo haber ordenado a la allí demandada y aquí peticionaria, que mantuviera a la niña en Puerto Rico hasta que se resolviera el incidente de remedio provisional después de oídas las partes sobre privación de la custodia.

Con su solicitud ante nos, la peticionaria ha acompañado certificación de la Policía sobre récord de casos criminales contra el demandado, los cuales están sin disposición final.

Ha alegado que la abuela paterna, a cuya custodia se entregó a la menor, recibe tratamiento siquiátrico, y además se dedica a negocio de barra donde se expenden bebidas alcohólicas.

No estamos pasando juicio ni llegando a conclusiones sobre tales hechos. Pero de ser ciertos, ello enfatiza la necesidad de haberse oído a las partes antes de tomarse una providencia que no sólo privaba a una de ellas de una custodia legal, sino que ponía a una menor de poca edad bajo otra custodia sin que el tribunal tuviera todos los elementos de juicio necesarios para cerciorarse que esa otra custodia era una propia y adecuada para el interés del menor.

Se expide el auto de *certiorari*, y se anula la resolución de la Sala de Caguas de 25 de junio de 1967 sobre custodia. Se ordena, en restitución del *status quo* legal anterior, que la menor sea puesta de inmediato bajo la custodia de la madre. El Alguacil de este Tribunal velará porque se dé cumplimiento a esta orden.

Todo lo anteriormente dictaminado es sin perjuicio de que, observando el procedimiento de lugar, el Tribunal Superior, ya sea la Sala de Caguas o la de San Juan, conozca de un remedio provisional sobre la custodia de la menor, y sin perjuicio de que tome las medidas que crea apropiadas para proteger su jurisdicción en cuanto a las personas envueltas en el pleito ante ella.

Así lo decretó y firma

(Fdo.) Carlos Santana Becerra
*Juez Asociado de Turno*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*