CARLOS MANUEL SANTANA MEDRANO, demandante y peticionario, *v.* SONIA ACEVEDO OSORIO, demandada y recurrida.

*Número:* O-85-17     *Resuelto:* 9 de abril de 1985

*Manuel Dorta Duque,* abogado de la parte recurrente; *Beatriz Vázquez de Acarón,* abogada de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El Tribunal Superior de Puerto Rico, Sala de San Juan, mediante sentencia de fecha 3 de agosto de 1984, declaró roto y disuelto, por la causal de separación, el vínculo matrimonial que unía al demandante recurrente Carlos Santana Medrano y a la demandada recurrida Sonia Acevedo Osorio.

En relación con las dos (2) hijas menores de edad habidas durante el matrimonio de las referidas partes el foro de instancia, declarando con lugar la solicitud que a esos efectos se le hiciera en la demanda radicada, otorgó la patria potestad y la custodia de las mismas al demandante Santana Medrano; resulta procedente señalar que en la contestación a la demanda aceptando los hechos que la demandada Acevedo Osorio radicara —por propio derecho y jurada ante notario público— se hizo constar expresamente que dicha parte presta "su consentimiento para que el Tribunal acceda a lo solicitado por el demandante en relación a mis hijas menores de edad y consiento a que la patria potestad y custodia sobre dichas menores sea retenida por el padre". [1]

Así las cosas, mediante escrito intitulado "moción informativa" radicado con fecha de 30 de noviembre de 1984, la demandada Acevedo Osorio solicitó del tribunal de instancia que se le otorgara la custodia provisional de las referidas niñas por el fundamento de que, alegadamente, tres días des-

---

[1] Surge de la sentencia de divorcio dictada por el tribunal de instancia en el presente caso que la única parte que compareció a la vista del mismo lo fue la parte demandante.

pués de disuelto el vínculo matrimonial ella había regresado al "hogar conyugal" con el propósito de cuidar de las menores. Dicha petición, radicada por propio derecho, no fue notificada a la parte demandante.

El tribunal de instancia,[2] mediante resolución de fecha 4 de enero de 1985, sin darle audiencia ni oportunidad alguna a la parte contraria para expresarse y teniendo como base únicamente la anteriormente mencionada "moción informativa" concedió la custodia provisional de las menores a la demandada Acevedo Osorio. Al así hacerlo ordenó, "a los fines de dictaminar finalmente la custodia permanente de dichas menores" que "se realice un Informe Social en el plazo de cuarenta (40) días", transcurrido el cual "señalará vista para adjudicar finalmente la custodia".

Inconforme, la parte demandante acudió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*. Le concedimos término a la parte demandada-recurrida para que mostrara causa por la cual no debíamos dejar sin efecto la mencionada resolución. La parte recurrida ha comparecido debidamente representada por abogado.[3] Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

I

■ No hay duda de que una de las más difíciles, delicadas, juiciosas y trascendentales decisiones que tiene que hacer un tribunal en un procedimiento que culmina en una sentencia de divorcio es aquélla respecto a la otorgación de patria potestad y custodia de los hijos menores de edad habidos durante el matrimonio de las partes. Hay que mantener presente que el bienestar de un menor, que ha pasado por el trauma de ver desmembrada su familia inmediata, de ordi-

---

[2] Hon. Ángel D. Ramírez Ramírez, Juez.

[3] Suscriben la comparecencia para mostrar causa dos distinguidas letradas: las Ldas. Sarah Torres Peralta y Beatriz Vázquez de Acarón.

nario requiere un ambiente familiar constante, continuo y estable. J. Goldstein, *Beyond the Best Interests of the Child*, New York, The Free Press, 1979.

Dicha decisión es una a la que el tribunal debe llegar después de realizar un análisis objetivo, sereno y cuidadoso de todas las circunstancias presentes en el caso en ese momento ante la consideración del tribunal, teniendo como único y principal objetivo el bienestar de los menores. *Marrero Reyes* v. *García Ramírez*, 105 D.P.R. 90 (1976); *Nudelman* v. *Ferrer Bolívar*, 107 D.P.R. 495, 508 (1978); *Perron* v. *Corretjer*, 113 D.P.R. 593, 606 (1982). Véase, en adición, el Art. 107 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 383. Dicho objetivo precisamente es lo que le faculta al amparo del poder de *parens patriae* para, inclusive, rechazar un acuerdo de las partes respecto a patria potestad y custodia si es que se convence de que el mismo no es conveniente a los mejores intereses de los menores. *Ex parte Maldonado*, 42 D.P.R. 867 (1931). A esos efectos, y antes de emitir una decisión al respecto, tiene a su alcance el ordenar la comparecencia de cuanta persona entienda pueda ayudarle en el descargo de su delicada misión y puede, asimismo, ordenar aquellas investigaciones de índole social que entienda procedentes y convenientes. *Nudelman* v. *Ferrer Bolívar*, supra; *Fernández* v. *Martínez*, 59 D.P.R. 548 (1941).

Aun cuando un decreto emitido en un pleito de divorcio concediendo la patria potestad y custodia de un menor a uno de sus padres no constituye cosa juzgada, una vez el tribunal, debidamente informado, ejercita esa discreción y otorga la patria potestad y custodia de los hijos a una de las partes, dicha decisión crea un "estado de derecho" que no debe —salvo circunstancias extraordinarias— [4] ser alterado sumariamente. *Bermúdez* v. *Tribunal Superior*, 97 D.P.R.

---

[4] Véase el Art. 31 de la Ley Núm. 75 de 28 de mayo de 1980, 8 L.P.R.A. sec. 431.

825 (1969) (⁵). Resolvemos, en su consecuencia, que siempre que ello sea factible el tribunal no debe dejar sin efecto una decisión que sobre el aspecto de patria potestad y custodia hubiere emitido anteriormente sin tener el beneficio de la posición de ambas partes; una decisión de esa naturaleza no puede ser el producto del capricho y la improvisación.

## II

En el presente caso la parte demandante-recurrente específicamente solicitó en la demanda que radicara que se le otorgara la patria potestad y la custodia de las dos hijas habidas en el matrimonio. La parte demandada, como hemos visto, consintió expresamente a que el tribunal así lo decretara. El tribunal de instancia en aquel momento, repetimos, no estaba en la obligación de aceptar lo así acordado; tenía la facultad para indagar respecto a qué era lo más conveniente para las dos menores. Tenemos que presumir que actuó informadamente al resolver entonces otorgarle la patria potestad y custodia de las niñas al demandante. No se nos ha demostrado que existieran, o existan, circunstancias extraordinarias que justifiquen la acción del foro de instancia de despojar al demandante de la custodia de sus hijas en forma sumaria y sin escucharle. *Bermúdez* v. *Tribunal Superior*, supra. Ciertamente las razones aducidas por la demandante en la "moción informativa" que radicara no constituyen base suficiente para dicha acción.

Sin emitir juicio sobre los méritos, si algunos, de lo alegado por la parte recurrida en su comparecencia para mostrar causa respecto a una supuesta "violación del derecho de la compareciente a un debido proceso de ley en el curso del procedimiento que culminó en la emisión de la sentencia de

---

(⁵) El Tribunal Supremo de Estados Unidos ha expresado que la relación paterno-filial está protegida constitucionalmente por el derecho a la libertad garantizado por la Decimocuarta Enmienda de la Constitución Federal. Véase *Santosky* v. *Kramer*, 455 U.S. 745, 754–755 (1982).

3 de agosto de 1984," (⁶) somos del criterio que dicha cuestión es una para ser planteada y diluciadada a nivel de instancia, si es que dicho planteamiento procede al amparo de las disposiciones de la Regla 49.2 de las de Procedimiento Civil de 1979.

Por los fundamentos antes expresados, *se expide el auto, y se dicta sentencia revocatoria de la resolución de fecha 4 de enero de 1985 emitida por el tribunal de instancia. El demandante recurrente tendrá el derecho a la custodia inmediata de las dos hijas menores de edad habidas durante el matrimonio de las partes. Se devuelve el caso al foro de instancia para que, previa vista con audiencia de ambas partes y previo los estudios de índole social necesarios, el referido foro pase juicio sobre la petición de custodia solicitada por la demandante recurrida en su moción de fecha 30 de noviembre de 1984.*

---

(⁶) Relativo a que, alegadamente, la firma por la recurrida Acevedo Osorio de la contestación a la demanda que ella suscribiera fue realizada sin asesoramiento legal.