Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Se recurre de una resolución que emitió el Tribunal de Primera Instancia, Sala Superior de Carolina, la cual *1021 dispuso por el momento, el traslado de un menor con su señora madre, la parte recurrida Nancy Cruz Salas, al estado de Florida donde ésta trabaja y reside y otros remedios sobre relaciones patemo-filiales.
Inconforme con tal dictamen, la parte peticionaria Hugo M. Cancio Lima, el padre/del menor, acude ante nos mediante recurso de certiorari y moción en auxilio de jurisdicción alegando en síntesis: primero, que el permitir el traslado del menor con su madre al estado de Flo/ida, sin que se le permitiera presentar prueba en apoyo de que el menor debe permanecer en Puerto Rico bajo su custodia, constituye una violación al debido proceso de ley; y segundo, que el hecho de que la recurrida tenga que establecer su residencia en el estado de Florida por razón de su trabajo, no es motivo para que se traslade el niño a dicha jurisdicción.
Atendido el recurso y la moción en auxilio de jurisdicción, denegamos ambas por los siguientes fundamentos.
I
Sin querer ser exhaustivos sobre los trámites llevados a cabo, los hechos comenzaron cuando el 9 de agosto de 1996, el Tribunal de Primera Instancia, Sala Superior de Carolina, mediante sentencia de divorcio decretó disuelto el matrimonio entre las partes comparecientes por la causal de trato cruel. El peticionario Hugo Manuel Cancio Lima, que originalmente había presentado la demanda de divorcio, se allanó a que se dictara sentencia en su contra por dicha causal, según las alegaciones de la reconvención de la recurrida Nancy Cruz Salas, y desistió de su demanda. En dicho dictamen se dispuso que la patria potestad sobre el menor sería compartida, que la custodia temporera la tendría la madre y las condiciones sobre las relaciones patemo-filiales.
Luego de varios incidentes, para el 28 de junio de 1996, la recurrida solicitó al tribunal de primera instancia que se paralizaran de manera temporera las relaciones patemo-filiales por un alegado abuso sexual contra el menor y posteriormente solicitó que se le privara al padre de la patria potestad compartida. Ante dicho reclamo se paralizaron las relaciones patemo-filiales y se señaló con urgencia una vista para discutir la referida moción. Para el 17 de marzo de 1998, la recurrida solicitó autorización para trasladarse con el menor al estado de Florida, ya que donde ella trabajaba como Asistente de Vuelos, American Airlines había trasladado su operación a dicho estado. Cabe el señalar que durante este período se había permitido que el peticionario se relacionara con su hijo, aunque no se había resuelto finalmente la moción sobre alegado abuso sexual y privación de custodia.
Mediante resolución emitida el 25 de agosto de 1998, el tribunal recurrido dictaminó de manera interlocutoria que la custodia del menor continuaría con la madre, aquí recurrida, y la patria potestad compartida entre ambos padres, regulando las relaciones patemo-filiales. La razón para dicho dictamen fue que el peticionario Hugo Manuel Cancio Lima no había terminado de presentar su prueba y era la forma más conveniente para el bienestar del menor, de manera que pudiese continuar en la institución pre-escolar que asistía. El tribunal fue categórico en expresar que, de la prueba presentada concluía "no procedía la alegación de abuso sexual de parte del padre, aquí peticionario, hacia el menor, [p]or lo cual en cuanto a ese extremo se hace innecesaria la presentación de prueba por parte del demandante."
La vista sobre privación de custodia y patria potestad continuó el 2 de septiembre de 1998 y luego de las argumentaciones de las partes el foro recurrido resolvió: que tanto la madre como el padre estaban capacitados para obtener la custodia; que no se había probado el abuso sexual; ordenó que se continuaran las relaciones patemo-filiales según pautado; y que el tribunal retendría la jurisdicción sobre el menor. A petición de la representación legal del peticionario Hugo Manuel Cancio Lima, el foro recurrido le concedió un plazo para presentar por escrito cualquier otro argumento adicional necesario para resolver dicha controversia.
Cumplido tal requerimiento, se presentó un escrito por el peticionario el 8 de septiembre de 1998, donde exponía su posición por lo cual el menor no debía ser trasladado al estado de Florida y argumentaba que un asunto de tanta trascendencia no debía resolverse de forma sumaria.
El foro recurrido, una vez analizó los escritos presentados por el peticionario, emitió resolución *1022 donde hace constar que dado la naturaleza de la controversia presentada en un asunto tan delicado como lo es la vida de un niño, ordenaba que la madre continuara con la custodia del menor; se autorizaba que no antes del 7 de enero de 1999, el menor se trasladara a residir con su madre al estado de Florida; que antes de dicha fecha! se autorizaban las relaciones patemo-filiales según pautadas previamente; que el peticionario estaba autorizado a comunicarse con el menor sin limitación alguna por la vía telefónica y visitarlo en fines de semana altemos previo aviso; que durante febrero y abril el menor viaje a Puerto Rico para estar con el peticionario y durante el verano por treinta (30) días. Se señaló una vista sobre el estado del procedimiento para el 20 de junio de 1999.
Inconforme con dicho dictamen se acude ante nos.
II
Procedemos a analizar las normas jurídicas aplicables a la controversia ante nos.
El Art. 166 del Código Civil, prescribe las causas para privar o suspender a un padre de la patria potestad, entre las que se encuentran: que se actúe en contra de los mejores intereses del menor; se trate con rudeza excesiva; se le den ejemplos corraptos; por causa de descuido, abuso, hábitos inmorales o viciosos y otros. El tribunal deberá siempre velar por los mejores intereses del menor de manera que se le garanticen su bienestar y desarrollo emocional, físico y moral. 31 L.P.R.A. sec. 634; Sterzinger v. Ramírez, 116 D.P.R. 762, 778 (1985); Marrero Reyes v. García Ramírez, 105 D.P.R. 90, 104 (1976). (Casos citados.)
Si analizados los factores antes mencionados, el menor está atendido adecuadamente por la madre o padre que tiene la custodia, por razones del bienestar del menor, no le será concedida al que promueve un cambio de custodia, aun cuando éste se encuentre en igualdad de condiciones. Nudelman v. Ferrer Bolívar, 107 D.P.R. 495, 509 (1978); Ortiz v. Vega, 107 D.P.R. 831, 833-34 (1978).
Una vez emitido un decreto judicial concediendo la custodia de un menor a uno de sus padres, dicha decisión crea un estado de derecho que no debe ser alterado sumariamente salvo circunstancias extraordinarias y una vez se pondere sosegadamente la posición de ambas partes. Santana Medrano v. Acevedo Osorio, 116 D.P.R. 298, 301-302 (1985).
En cuanto a aspectos relacionados al debido proceso de ley, se ha reconocido que éste no existe para exigir cosas inútiles, pues su naturaleza es inminentemente circunstancial y pragmática. Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974); Otero Fernández v. Alguacil, 116 D.P.R. 733, 742 (1974).
m
Aplicando las normas de derecho antes presentadas a las circunstancias particulares del presente recurso, concluimos que el foro recurrido no incurrió en error alguno.
El tribunal recurrido ponderó todos los factores y no encontró ninguna circunstancia extraordinaria para privar a la recurrida de la custodia del menor.
El bienestar del menor, que es el criterio determinante en estos casos, ha estado bien servido bajo la custodia de su madre en Puerto Rico y el tribunal recurrido no encontró ningún indicio de que pueda ser distinto en la Florida. De hecho, la madre del menor ha hecho los arreglos de donde va a estudiar el menor al igual que una residencia adecuada. La autorización para llevarse al niño a la Florida estuvo justificada y el tribunal ejerció razonablemente su discreción como ha sido facultado por la ley y nuestra jurisprudencia.
En cuanto a la alegación del peticionario de que se la ha privado de presentar prueba, resolvemos que no le asiste la razón. El peticionario tuvo la oportunidad de presentar prueba como lo demuestran las varias vistas que se le han concedido en el transcurso del proceso e inclusive pudo presentar por escrito las razones por las cuales se oponía al traslado del menor. Aunque si bien es cierto que no concluyó su testimonio, el mismo se tomó innecesario pues el tribunal concluyó que las alegaciones en su contra por alegado abuso sexual no fueron probadas y que estaba capacitado para continuar con la patria potestad compartida.
*1023 El foro recurrido salvaguardó adecuadamente el derecho a las relaciones patemo-filiales del peticionario, ordenando que puede llamarlo por teléfono particular de manera limitada a una línea telefónica que la madre debe instalarle al niño en su dormitorio. Se programó que el niño viniera a Puerto Rico durante los meses de febrero, abril y en el verano; además, se autorizó visitarlo los fines de semana altemos, previo aviso.
Por último y no menos importante, dada las circunstancias que ambos padres están en condiciones similares para tener la custodia, el tribunal ordenó que por el momento, en bienestar del menor, permaneciera bajo la custodia de la madre, como hasta el presente. No obstante, como medida cautelar señaló una vista para junio de 1999, donde dilucidará finalmente la controversia sobre el traslado del menor, con todas las garantías procesales. Concluimos que el tribunal recurrido actuó con corrección jurídica, por lo que no variaremos su dictamen.
IV
Por los anteriores fundamentos, se deniega tanto la petición de certiorari como la moción en auxilio de jurisdicción.
Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General