Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSEAN MEDINA SERRANO<br><br>*Apelante*<br><br>v.<br><br>KIARA I. RODRÍGUEZ SOTOMAYOR<br><br>*Apelado* | KLAN202200630 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.:<br>C CU2019-0133<br><br>Sobre:<br>Custodia |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece el señor Josean Medina Serrano (señor Medina Serrano o apelante), mediante recurso de apelación y nos solicita que revoquemos la *Sentencia*[1] emitida por el Tribunal de Primera Instancia, Sala de Arecibo (TPI o foro primario), el 28 de julio de 2022 y notificada el 1 de agosto de 2022[2]. En el referido dictamen, el foro primario adjudicó la custodia del menor SDMR a favor de la señora Kiara Rodríguez Sotomayor (señora Rodríguez Sotomayor o apelada).

Por los fundamentos que expondremos a continuación, **confirmamos** la Sentencia apelada.

**I.**

Según surge del expediente ante nos, el señor Medina Serrano y la señora Rodríguez Sotomayor procrearon al menor SDMR, quien actualmente cuenta con cuatro (4) años de edad. El menor SDMR

---

[1] Véase Apéndice 23 del Recurso de Apelación.
[2] Véase Apéndice 22 del Recurso de Apelación.

Número Identificador

SEN2022_____

estuvo bajo la custodia de la señora Rodríguez Sotomayor, hasta el 9 de enero de 2020.

El 29 de agosto de 2019, el apelante presentó *Demanda para establecer plan de custodia compartida* [3]. En esta, alegó que, a pesar de haber solicitado a la apelada poder relacionarse con el menor SDMR, esta se ha negado y ha dificultado que la relación sea una de manera consistente. En respuesta, el 2 de diciembre de 2019, la apelada presentó su *Contestación a Demanda* y *Reconvención* [4]*,* en la cual solicitó que se le concediera la custodia monoparental del menor SDMR y que el caso fuese referido a la Unidad Social para evaluación. El 10 de diciembre de 2019, el apelante presentó su *Contestación a Reconvención* [5] en la cual negó las alegaciones en su contra y aceptó que el caso fuese referido a la Unidad Social para la correspondiente evaluación.

El 9 de enero de 2020, el TPI celebró una vista en la que, entre otras cosas, concedió la custodia provisional del menor SDMR al señor Medina Serrano debido a un incidente y estableció las relaciones maternofiliales provisionales.

Luego de varios incidentes procesales, el 3 de julio de 2020, el foro primario ordenó a la Unidad Social de Familia y Menores del Centro Judicial de Arecibo (Unidad Social) realizar un estudio social forense de custodia, custodia compartida y relaciones filiales. Ante ello, el 29 de abril de 2022, la trabajadora social de la Unidad Social, Priscila Nieves Goy (T.S. Nieves Goy), emitió un Informe Social Forense (Informe) en el cual recomendó que el menor SDMR permanezca bajo la custodia de la señora Rodríguez Sotomayor.

Inconforme, el apelante notificó al TPI su intención de impugnar el referido Informe y ambas partes contrataron peritos en

---

[3] Véase Apéndice 1 del Recurso de Apelación.
[4] Véase Apéndice 2 del Recurso de Apelación.
[5] Véase Apéndice 3 del Recurso de Apelación.

Trabajo Social. El foro primario celebró Juicio en su Fondo los siguientes días: 25 de febrero de 2022, 18 de marzo de 2022, 16 de mayo de 2022, 19 de mayo de 2022, 21 de julio de 2022 y 22 de julio de 2022.

Con la anuencia de las partes, el foro primario admitió en evidencia el Informe emitido por la Unidad Social y ordenó que el mismo, junto con las evaluaciones psicológicas adjuntas, fuese marcado como prueba documental estipulada.

El apelante presentó la siguiente prueba documental, la cual fue marcada como exhibits, a saber:

Exhibit I - Curriculum Vitae del T.S. Luis M. Rivera Santiago.

Exhibit II - Análisis pericial del T.S. L Rivera Santiago.

Exhibit II A - Bloque de mensajes de textos intercambiados por las partes (admitidos con la objeción de la parte demandada).

Exhibit III - Primer bloque de mensajes de WhatsApp (admitido con la objeción de la parte demandada).

Exhibit IV - Certificaciones de servicios de la Autoridad de Acueductos y Alcantarillados y hoja de detalle del cliente (admitido con la objeción de la parte demandada).

Exhibit V - Segundo bloque de mensajes de WhatsApp (admitido con las objeciones de la parte demandada).

La identificación número 4 del apelante no fue admitida en evidencia. Esta consistía en una foto de 8 de mayo de 2022; el apelante preservó la objeción para fines de la apelación.

Por su parte, la apelada presentó la siguiente prueba documental:

Exhibit I - Curriculum vitae del Dr. Larry E. Alicea Rodríguez.

Exhibit II - Revisión pericial realizada por el Dr. Larry E. Alicea Rodríguez.

Además, el foro primario tuvo ante sí el testimonio de las siguientes personas:

T.S. Priscila Nieves Goy de la Unidad Social.

T.S. Luis M. Rivera Santiago, perito de la parte apelante.

Sr. Josean Medina Serrano, apelante.

Sra. Ashley Vázquez Muriel, esposa del apelante.

Dr. Larry E. Alicea Rodríguez, perito de la parte apelada.

Sra. Kiara I. Rodríguez Sotomayor, apelada.

Así las cosas, el 28 de julio de 2022, notificada el 1 de agosto de 2022, el TPI emitió *Sentencia*[6] en la cual determinó que ambas partes están "perfectamente capacitados para ejercer la custodia monoparental del menor". No obstante, concluyó, al igual que el Informe de la Unidad Social, que la custodia monoparental del menor SDMR la debe tener su madre, la señora Rodríguez Sotomayor[7].

En su determinación, el foro primario formuló veinticinco (25) determinaciones de hechos. Resaltamos las siguientes determinaciones de hechos relacionadas a las alegaciones del señor Medina Serrano en cuanto al tiempo en que la señora Rodríguez Sotomayor tenía la custodia monoparental del menor SDMR:

[...]

8. En cuanto al asunto de las vacunas, no hay duda de que había tres vacunas atrasadas. No obstante, la doctora Miriam Mirabal Cordero, Neumóloga pediátrica que atendió al menor, expresó que por la bronquiolitis el menor no debía recibir la vacuna. Esto fue contemporáneo al tiempo en que el menor estaba bajo la custodia de la madre.

[...]

10. En cuanto a las marcas en el cuerpo, el señor Medina Serrano aceptó que nunca realizó un referido al Departamento de la Familia por ello. Por tal razón, al suscribiente no le merece credibilidad su testimonio en ese aspecto.

11. En cuanto al incidente de falta de agua potable, la trabajadora social de la Unidad Social corroboró en su visita presencial que había agua potable. Mediante prueba de refutación, el señor Medina presentó una certificación de la Autoridad de Acueductos y Alcantarillados de la cual se desprende que, en algún momento, el servicio se inactivó. No obstante, la prueba demostró que el presente servicio está conectado y que el evento de la desconexión del servicio fue uno aislado.

12. El evento ocurrido el 5 de enero de 2020 fue el que causó el cambio de custodia. Ese día, la señora Rodríguez le dejó el menor al señor Medina y éste comenzó a investigar por varias vías si la madre se encontraba realmente trabajando, como había informado. Durante la noche de ese día, molesta por las llamadas de teléfono constantes recibidas de parte del señor Medina, la señora Rodríguez se molestó y abofeteo al caballero en presencia de su pareja y de su madre. Esta

---

[6] Véase Apéndice 23 del Recurso de *Apelación*.
[7] Véase Apéndice 23 del Recurso de *Apelación*, pág. 1.

agresión de la madre hacia el padre ocurrió solo una vez por lo que se puede catalogar como violencia situacional no constitutiva de un patrón.

[...]

21. Ambos progenitores han incurrido en dinámicas conductuales que tiene el efecto de limitar o restringir las relaciones con el hijo que tienen en común.

[...] [8].

Además, el TPI concluyó que el informe pericial rendido por el T.S. Rivera Santiago fue severamente impugnado por el informe rendido por el T.S. Alicea Rodríguez[9]. El foro primario aclaró que el perito del apelante reconoció (1) que no hay acuerdo entre los padres para la custodia compartida, y (2) que no hay comunicación adecuada por los padres. De la Sentencia apelada no surgen determinaciones de hechos específicas sobre el Informe de la Unidad Social.

Consecuentemente, el TPI le dio entera fe y crédito al Informe impugnado, el cual concluyó que, debido a los problemas de comunicación entre las partes, la distancia entre los hogares, las restricciones paternas al plan de relaciones maternofiliales establecido por el Tribunal y la información provista por el terapeuta de las partes, recomendó que la custodia del menor sea devuelta a la señora Rodríguez[10].

Insatisfecho, el 10 de agosto de 2022, el señor Medina Serrano presentó el recurso de apelación que nos ocupa, en el que imputó al TPI los siguientes señalamientos de error:

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE ARECIBO AL OTORGAR CREDIBILIDAD ABSOLUTA AL INFORME SOCIAL FORENSE DEFECTUOSO, IMPRECISO, FALTO DE INVESTIGACIÓN Y CORROBORACIÓN.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE ARECIBO AL OTORGAR PESO AL TESTIMONIO DE LA PARTE APELADA AUN HABIÉNDOSE PROBADO MEDIANTE EVIDENCIA

---

[8] Véase Apéndice 23 del Recurso de *Apelación*, págs. 5-7.

[9] Véase Apéndice 23 del recurso de la *Apelación*, pág. 11.

[10] El Informe de la Unidad Social concluye que hubo un referido al Departamento de la Familia y esta agencia determinó que no había fundamento para imputar maltrato a la parte apelada. Véase Apéndice 15 del recurso de *Apelación,* pág. 85.

TESTIFICAL Y DOCUMENTAL LAS INCONGRUENCIAS CON EL INFORME PERICIAL.

TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE ARECIBO, AL MINIMIZAR Y CATALOGAR COMO VIOLENCIA SITUACIONAL LOS HECHOS QUE PROVOCARON LA ADJUDICACIÓN DE LA CUSTODIA PROVISIONAL DEL MENOR AL APELANTE.

CUARTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIAS, SALA DE ARECIBO, AL EMITIR UNA SENTENCIA CON DETERMINACIONES DE HECHOS BASADOS EN FUNDAMENTOS DUDOSOS, FICTICIOS Y PARCIALIZADOS QUE COMO CONSECUENCIA PROVOCAN LA ADJUDICACIÓN DE LA CUSTODIA DEL MENOR A LA APELADA EN GRAVE MENOSPRECIO DEL BIENESTAR DE S.D.M.R.

El 31 de agosto de 2022, la apelada presentó una *Moción Urgente Solicitando Desestimación.* Por su parte, el 3 de octubre de 2022, el apelante presentó *Moción Urgente al Amparo de la Regla 18 del Reglamento del Tribunal de Apelaciones* y *Moción en Cumplimiento de Orden.* En esta misma fecha, la apelante presentó *Moción Urgente Reiterando Solicitud de Desestimación.* Este Foro emitió varias Resoluciones para atender las mociones antes mencionadas y establecer las normas a seguir durante el proceso apelativo.

Posteriormente, el 7 de noviembre de 2022, la apelada presentó *Moción Solicitando Orden para que se Someta Transcripción del Juicio en su Fondo y Término Adicional Conforme a la Regla 22.* El 15 de noviembre de 2022, el apelante presentó una *Moción en Torno a Transcripción y en Cumplimiento de Orden.*

El 9 de diciembre de 2022, este Tribunal emitió una *Resolución* en la que dispuso que, habiendo transcurrido el término concedido a las partes para estipular la transcripción, se acoge la transcripción del 22 de julio de 2022 presentada por el apelante el 15 de noviembre de 2022, como estipulada entre las partes. Asimismo, se le ordenó al TPI remitir a este foro en el término de diez (10) días la regrabación de los procedimientos en el juicio en su fondo. Finalmente, el 28 de diciembre de 2022, la apelada presentó su *Alegato en Oposición de Parte Apelada.*

Con el beneficio de la comparecencia de ambas partes, así como la trascripción de la prueba oral y la regrabación de los procedimientos ante el foro primario, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

En repetidas ocasiones, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces[11]. La discreción se nutre "de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna"[12]. Asimismo, "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho"[13].

El Tribunal Supremo de Puerto Rico[14] indicó que existen ciertas guías para determinar cuándo un tribunal abusa de su discreción y, en torno a este particular, estableció lo siguiente:

> …[U]n tribunal de justicia incurre en un abuso de discreción, *inter alia*: cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente[15].

En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como Foro Apelativo al intervenir precisamente con la discreción judicial. Así pues, es norma reiterada

---

[11] *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981).

[12] *Pueblo v. Hernández García*, 186 DPR 656, 684 (2012), citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977); *HIETel v. PRTC*, 182 DPR 451, 459 (2011).

[13] *Pueblo v. Hernández García*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

[14] *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

[15] *García v. Padró*, supra, a la pág. 336; *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

que este Foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad"[16].

**-B-**

La custodia sobre los hijos menores de edad, la patria potestad y la toma de decisiones personales en cuestiones de la vida familiar, es un derecho de raigambre constitucional, que dimana del interés libertario que protege el debido proceso de ley, tanto en la Constitución de Puerto Rico, como en la Decimocuarta Enmienda de la Constitución de los Estados Unidos[17]. En Puerto Rico, el derecho a las relaciones familiares también se enmarca en el derecho a la intimidad, cuyo ejercicio no depende de legislación que lo habilite, debido a que opera *ex proprio vigore*[18].

Debemos puntualizar que el derecho a mantener relaciones paterno o materno filiales, según sea el caso, es uno apremiante y repercute sobre la política pública a tal punto que los tribunales "pueden regular las relaciones paternofiliales, pero no pueden prohibirlas totalmente, a menos que existan causas muy graves para hacerlo"[19]. Una vez el tribunal sentenciador otorga la custodia a uno de los progenitores, el progenitor no custodio conserva el derecho de mantener relaciones paterno o materno filiales con el menor. Estas relaciones están revestidas de protección constitucional, al amparo del derecho a la libertad garantizado por la Decimocuarta Enmienda de la Constitución de los Estados Unidos[20].

---

[16] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[17] Véase, *Santosky v. Kramer*, 455 U.S. 745, 753-754 (1982); *Wisconsin v. Yoder*, 406 U.S. 205, 232 (1972).
[18] Véase, *Figueroa Ferrer v. ELA*, 107 DPR 250, 259 y 275 (1978).
[19] *Sterzinger v. Ramírez*, 116 DPR 762, 775 (1985).
[20] *Santana Medrano v. Acevedo Osorio*, 116 DPR 298, 302 (1985).

Claro está, la norma en cuanto al establecimiento de relaciones filiales tiene preminentemente como norte la protección y el mejor interés del menor[21]. Es decir, el derecho a las relaciones familiares no es absoluto, por lo que puede limitarse a fines de propiciar el interés apremiante del Estado de proteger el bienestar de los menores[22].

Al adjudicar asuntos de esta naturaleza, el tribunal tiene la obligación de sopesar integradamente todos los factores que tenga a su alcance para lograr la solución más justa posible[23]. Un tribunal, enfrentado a un litigio donde se dilucida la custodia, patria potestad o las relaciones paternofiliales, no puede actuar livianamente. De ahí que debe contar con la información más completa y variada posible para resolver correctamente. En casos de esta naturaleza, el tribunal puede "ordenar la comparecencia de cuanta persona entienda pueda ayudarle en el descargo de su delicada misión y puede, asimismo, ordenar aquellas investigaciones de índole social que entienda procedentes y convenientes[24]". Así, se hace indispensable que todas las partes involucradas cooperen "de buena fe para que se fortalezcan, en lugar de que se debiliten, los lazos afectivos entre [los hijos menores y] sus progenitores y de esta forma] afinar la sensibilidad humana para intuir dónde está el mejor bienestar del menor"[25].

**III.**

Tras un estudio meticuloso de los escritos de las partes, los documentos que obran en el expediente, la transcripción de la prueba oral, así como la regrabación de las vistas sobre la

---

[21] *Sánchez Cruz v. Torres Figueroa,* 123 DPR 418 (1991).
[22] Véase, *Rivera Aponte v. Morales Martínez,* 167 DPR 280, 290 (2006); *Rexach v. Ramírez,* 162 DPR 130, 146 (2004).
[23] Véase, *Sánchez Cruz v. Torres Figueroa*, supra, a la pág. 431; *Nudelman v. Ferrer Bolívar,* 107 DPR 495, 511 (1978).
[24] *Santana Madrano,* 116 DPR 298, 301 (1985); *Castro v. Meléndez,* 82 DPR 573, 578 n. 4 (1961).
[25] *Torres, Ex parte,* 118 DPR 469, 484 (1967).

impugnación del informe social, procedemos a evaluar el recurso de apelación presentado. Por estar estrechamente relacionados entre sí, discutiremos los señalamientos de error aducidos por el apelante de manera conjunta.

En apretada síntesis, el apelante adujo en su recurso que incidió el TPI y cometió un craso abuso de discreción al dar credibilidad absoluta al Informe de la Unidad Social. Sostuvo que la apreciación de la prueba realizada por el foro sentenciador fue incorrecta debido que descartó elementos probatorios y creyó testimonio improbables o imposibles.

Sin embargo, el tracto procesal del caso de epígrafe, y el contenido de la Sentencia impugnada, claramente evidencian que no incidió el TPI al resolver la controversia. Las circunstancias fácticas que alega el apelante fueron consideradas por el foro primario y atendidas en el Informe de la Unidad Social sometido ante la consideración del foro primario. Por tanto, le damos total deferencia a la apreciación de la prueba que realizara el foro primario.

No encontramos que el foro primario haya incurrido en pasión, prejuicio o abuso de discreción al tomar la decisión impugnada. A la luz de la totalidad de la prueba presentada, se demostró que el Informe Social Forense preparado por la trabajadora social, Priscila Nieves Goy, no fue impugnado. La determinación que concede la custodia a la señora Rodríguez Sotomayor y establece las relaciones paternofiliales, redunda en el mejor bienestar del menor.

**IV**.

Por los fundamentos anteriormente expuestos, **confirmamos** la *Sentencia* dictada por el foro primario.

Se ordena el desglose de las fotografías del menor.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones