Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| GUILLERMO RIVERA TORRES<br><br>Demandante Apelante<br><br>v.<br><br>LEILA BUSQUETS VÁZQUEZ<br><br>Demandada Apelada | TA2025AP00367 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.:<br>A DI2004-0488<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece el señor Guillermo E. Rivera Torres mediante recurso de apelación y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Aguadilla, emitida el 20 de agosto de 2025 y notificada el 22 de agosto de 2025. Ante la posterior *Moción en solicitud de desestimación de la apelación por falta de jurisdicción* de la parte apelada y la respectiva oposición del apelante, desestimamos el presente recurso por falta de jurisdicción.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a

*Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Ahora bien, nuestra jurisprudencia ha dictaminado que, por los casos de familia estar permeados del más alto interés público y tienen un carácter sui generis, las determinaciones de alimentos y custodia de menores no constituyen cosa juzgada, estando sujetas a revisión judicial de ocurrir algún cambio en las circunstancias que así lo justifique. *Figueroa Hernández v. Del Rosario Cervoni*, 147 DPR 121 (1998) (citando a *Santana Medrano v. Acevedo Osorio*, 116 DPR 298 (1985); *Centeno Alicea v. Ortiz*, 105 DPR 523 (1977)). En consideración de los mejores intereses y el bienestar de los menores, estas determinaciones nunca serán estrictamente finales ni definitivos, por lo cual cualquier dictamen que emita el Tribunal de Primera Instancia para resolver una solicitud de modificación de un decreto de custodia o alimentos, constituirá una nueva sentencia de la cual puede apelarse. Íd.

Dicho esto, si una parte está insatisfecha con la sentencia emitida por el Tribunal de Primera Instancia, ésta tendrá treinta (30) días jurisdiccionales para apelar ante el Tribunal de Apelaciones, contados

desde el archivo en autos de copia de la notificación de la sentencia. Regla 52.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 13 del Tribunal de Apelaciones, *supra*. Este término podrá interrumpirse con la presentación de una solicitud de reconsideración ante el Tribunal de Primera Instancia y, en efecto, dicho término comenzará a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 47 de Procedimiento Civil, *supra*. El último día del término para apelar se incluirá siempre que no sea sábado, domingo o día de fiesta legal, así extendiéndose el plazo hasta el fin del próximo día que no sea uno de los días referidos. Íd., R. 68.1.

En el presente caso, el apelante recurrió ante este Tribunal tardíamente. Se desprende del expediente que la *Resolución* de la cual el señor Rivera Torres recurre—y que modifica la pensión alimentaria del apelante—se notificó el 22 de agosto de 2025, por lo cual el apelante tenía hasta el lunes, 22 de septiembre de 2025 para apelar esta determinación, esto al extenderse el término ya que el día treinta (30) caía el domingo, 21 de septiembre de 2025. No obstante, el apelante presentó su recurso de apelación el 23 de septiembre de 2025, sin evidenciar los alegados problemas técnicos de conexión entre el servidor de internet de la parte apelante y el sistema de SUMAC que ocasionó la dilación en el pago del arancel correspondiente.

Por tanto, sabiendo que nuestra jurisprudencia dispone que toda modificación que un Tribunal de Primera Instancia haga a una pensión alimentaria se considerará como una sentencia nueva y, en efecto, una parte podrá recurrir de ésta mediante recurso de apelación, carecemos de la jurisdicción para evaluar la controversia en sus méritos.

Por los fundamentos expresados, desestimamos el recurso por falta de jurisdicción. Consecuentemente, también resolvemos no ha lugar a la solicitud de la parte apelada a imponer honorarios por temeridad contra el apelante.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones